# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE #4,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 1:23-cv-01174-JLT-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY WITHOUT PREJUDICE TO RECONSIDERATION WHEN DEFENDANTS APPEAR AND REQUIRING DEFENDANTS TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION WITHIN TWENTY-ONE DAYS OF APPEARANCE<br><br>(ECF No. 5) |

**I.**

**INTRODUCTION**

On August 7, 2023, Jane Doe #4 ("Plaintiff"), filed this action. (ECF No. 1.) On August 14, 2023, Plaintiff filed an *ex parte* motion to proceed by pseudonym. (ECF No. 5.) For the reasons explained herein, the Court shall grant the Plaintiff's motion to proceed by pseudonym, subject to reconsideration of the issue when the Defendants appear in this action.

**II.**

**LEGAL STANDARD**

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint must include the name of all parties. Fed. R. Civ. P. 10(a). Rule 17 further provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).

The normal presumption is that the parties will use their real names, which is "loosely related" to the public's right to open courts and the rights of individuals to confront their accusers. Doe v. Kamehameha Schools ("Kamehameha Schools"), 596 F.3d 1036, 1042 (9th Cir. 2010). However, courts have allowed a party to proceed in anonymity where special circumstances justify the secrecy. Does I thru XXIII v. Advanced Textile Corp. ("Advanced Textile Corp."), 214 F.3d 1058, 1067 (9th Cir. 2000). In the Ninth Circuit, a party may proceed with the use of a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.' " Advanced Textile Corp., 214 F.3d at 1067-68 (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981) (alteration in quoting source)). The Ninth Circuit held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Advanced Textile Corp., 214 F.3d at 1068.

Courts have generally allowed a party to proceed with anonymity in three circumstances: "1) when identification creates a risk of retaliatory physical or mental harm[;]" 2) where it is necessary "to preserve privacy in a matter of sensitive and highly personal nature[;]" and 3) where the party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]" Advanced Textile Corp., 214 F.3d at 1068 (internal citations omitted). Because the "balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses . . . where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings [Rule 16(b)], and to issue protective orders limiting disclosure of the party's name [Rule 26(c)], to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." Advanced Textile Corp., 214 F.3d at 1069.

### III.
### DISCUSSION

The Court has reviewed the Plaintiff's application. Plaintiff requests to be permitted to

1  proceed by the pseudonym "Jane Doe #4" in place of her true and correct name because this
2  action involves allegations of sexual assault and rape by a correctional officer, while she was
3  incarcerated at Central California Women's Facility in Chowchilla, California.  (Pl.'s Mot.
4  ("Mot") 1-2, ECF No. 5.)  Plaintiff wishes to maintain her privacy and not be publicly named or
5  identified in this action.  (Mot. 2; Decl. Jane Doe #4 Supp. Mot. ("Doe #4 Decl.") ¶ 3, ECF No.
6  5-1 at 1-2.)  Plaintiff believes the issues in this litigation are highly sensitive and personal in
7  nature, such that disclosure of her identity would raise a serious risk of psychological and
8  emotional harm.  (Mot. 2; Doe #4 Decl. ¶ 3-4.)  Plaintiff does not believe that proceeding by a
9  pseudonym will be prejudicial to Defendants, since she has already disclosed her true identity to
10 Defendants prior to filing this action and will disclose her true identity to Defendants during the
11 course of this litigation.  (Id.)

12 The Court finds good cause to grant the motion at this time, given the proffered reasons
13 and because of the proffer that Plaintiff's identity has already been disclosed to Defendants.  Doe
14 v. Rose, No. CV-15-07503-MWF-JC, 2016 WL 9137645, at *1 (C.D. Cal. June 17, 2016)
15 ("Courts have generally permitted plaintiffs to proceed anonymously when their claims involved
16 allegations of sexual assault or rape.").  Nonetheless, the Court shall keep the issue open to
17 reconsideration once the Defendants have appeared in this action.  See J.I. v. United States, No.
18 118CV00363LJOSAB, 2018 WL 1474355, at *3 (E.D. Cal. Mar. 26, 2018) ("[T]he Court finds
19 that, at this stage of the litigation, Plaintiff is entitled to proceed in partial anonymity.  However,
20 the Court will reconsider the matter should the defendants choose to object once they have
21 appeared in this action and articulate why anonymity is not appropriate under the standards set
22 forth above.").

## IV.

## CONCLUSION AND ORDER

25 Based on the Court's review of the Plaintiff's motion, the Court finds that the need for
26 anonymity in this case outweighs countervailing considerations at this time, subject to
27 reconsideration when Defendants appear in this action.
28 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed by pseudonym, (ECF No. 5), is GRANTED, subject to reconsideration when Defendants appear in this action; and

2. Defendants shall file an opposition, objection, or statement of non-opposition to Plaintiff proceeding by pseudonym in this action within twenty-one (21) days of appearing in this action.

IT IS SO ORDERED.

Dated: **August 15, 2023**

UNITED STATES MAGISTRATE JUDGE

4